**Joseph Dean HEAGNEY, Plaintiff-Appellant,**

v.

**Craig SCHNEIDER, Colorado State Patrol, and the State of Colorado, the Little Bandit Truck Stop, Inc., and Bill Schaefer (a/k/a Shaver), Defendants-Appellees.**

**No. 83CA0231.**

Colorado Court of Appeals,
Div. II.

Jan. 12, 1984.

Allen J. Kincaid & Assoc., W. Edward Pabst, Brush, for plaintiff-appellant.

Law Offices of Peter Alpert, Peter Alpert, Robin Crites, Denver, for defendants-appellees The Little Bandit Truck Stop, Inc., and Bill Schaefer (a/k/a Shaver).

Hall & Evans, William F. Eggert, Denver, for defendants-appellees Craig Schneider, Colorado State Patrol and the State of Colo.

BERMAN, Judge.

In a negligence action to recover for property damage to his truck, plaintiff, Joseph Dean Heagney, appeals the trial court's granting of a motion for summary judgment in favor of defendants. We affirm.

On November 12, 1979, plaintiff's truck overturned on State Highway 34, just south of Brush, Colorado, partially blocking traffic. When gasoline from the truck was observed leaking onto the pavement, the fire department was called to hose the gasoline off the highway, causing traffic to come to a complete stop. Colorado State Patrol Officer Craig Schneider arrived on the scene and informed plaintiff that a wrecker had been called to clear the road. Shortly thereafter, a wrecker from Little Bandit Truck Stop, Inc., arrived with Bill Schaefer as driver. The Little Bandit wrecker failed in its attempt to set upright plaintiff's truck, and the vehicle was eventually placed upright by an independent third party.

Plaintiff subsequently brought this negligence action seeking to recover for damages his truck had allegedly sustained in the incident. On December 1, 1982, defendants Schneider, the Colorado State Patrol, and the State of Colorado were granted a summary judgment. On January 17, 1983, defendants Little Bandit Truck Stop, Inc., and Schaefer were granted summary judgment as to plaintiff's claims against them. It is the granting of these motions for summary judgment which plaintiff herein appeals.

Section 42–4–1103(1)(a), C.R.S.1973 (1982 Cum.Supp.) provides:

"Whenever any police officer finds a vehicle, attended or unattended, standing upon any portion of a highway right-of-way in such a manner as to constitute an obstruction to traffic or proper highway maintenance, such officer is authorized to cause the vehicle to be moved to eliminate any such obstruction, and neither the officer nor anyone operating under his direction shall be liable for any damage to such vehicle occasioned by such removal."

Where, as here, the language of the statute is plain and its meaning is clear, it must be applied as written. *People in Interest of Paiz*, 43 Colo.App. 352, 603 P.2d 976 (1979).

Here, as a matter of law, the prerequisites to the application of the above statute were met: (1) A police officer found plaintiff's vehicle upon a portion of a highway; (2) that vehicle was obstructing traffic (whether or not traffic ever came to a complete standstill); and (3) the officer caused the vehicle to be moved. Therefore, none of the defendants are liable for any damage to plaintiff's vehicle occasioned by such removal because they were operating under the officer's direction.

*Cooper v. Hollis*, 42 Colo.App. 505, 600 P.2d 109 (1979), cited by plaintiff, is inapposite here because the vehicle impounded by the police officer in that case was parked on a private road, rather than on a "portion of a highway ...." Hence, § 42–4–1103, C.R.S.1973 (1982 Cum.Supp.) was inapplicable and the *Cooper* opinion was limited to a discussion of whether common law "official" immunity, as distinguished from statutory immunity, was to be afforded the defendants in that case. We agree with the trial court that defendants here are entitled to statutory immunity because, as the trial court found:

"[t]he effective movement of traffic on the roads and highways of this state when said highways are obstructed by private vehicles and causing a danger to the travelling public outweighs the rights of possible damage to private citizens [sic] property caused by the removal of vehicles from the roadway ...."

Judgment affirmed.

SMITH and METZGER, JJ., concur.