**The PEOPLE of the State of Colorado,
Plaintiff-Appellee and Cross-Appellant.**

v.

**Brian Karl YOUNG, Defendant-Appellant and Cross-Appellee.**

No. 83CA1048.

Colorado Court of Appeals,
Div. I.

June 13, 1985.

Rehearing Denied as to People
July 11, 1985.

Rehearing Denied as to Young
Aug. 8, 1985.

Certiorari Denied Dec. 16, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee and cross-appellant.

David F. Vela and Margaret O'Leary, Public Defenders, Denver, for defendant-appellant and cross-appellee.

SMITH, Judge.

Defendant, Brian Karl Young, appeals the judgment of conviction entered on a jury verdict of criminally negligent homicide in the death of a sixteen-year-old girl. He contends on appeal that the trial court erred: (1) in admitting certain photographs and physical evidence obtained from the scene; and (2) in denying his instruction on the theory that the victim's death was an accident. He also asserts that the evidence was insufficient to support the verdict. The People cross appeal on grounds that the original order requiring defendant to pay restitution to the Victim's Compensa-

tion Fund should be reinstated. We disagree with both defendant's and the People's contentions and therefore affirm.

Defendant, a member of the Sons of Silence motorcycle gang, lived in Commerce City, Colorado, at a home used by the group as their club house. While at his place of residence during the afternoon of October 3, 1982, defendant and a friend spent some time working on a .22 caliber Ruger rifle which had been altered by the addition of a rapid fire adapter crank.

As a result of the alterations, the rifle often malfunctioned and fired several shots at one time. At the end of their efforts, the loaded rifle was left leaning against a closet in the main room of the house with the safety disengaged. Later, as defendant prepared to leave the room he noticed the rifle and picked it up to lock it in his bedroom, but as he walked toward the bedroom, he tripped in a depression in the floor where a wall had previously been removed and the rifle discharged. It fired three rounds all of which hit the victim who had been sitting on a loveseat located approximately nine feet away. One bullet passed through her neck, the other two struck her in the eye area. Defendant and a friend rushed the victim to a nearby hospital and then called the police. The victim was pronounced dead shortly thereafter.

Defendant was ultimately tried on charges of criminally negligent homicide and possession of an illegal weapon.

At trial, the People presented several witnesses and many photographs of the scene of the shooting incident, the victim, the weapon, as well as a number of live and spent .22 caliber bullets found at the house. Several of these items were introduced and admitted over defendant's objection.

The trial court admitted the photographs concerning the interior of the house on the basis that they depicted a panning view of the premises. The evidence of the spent and live bullets was admitted on the basis that it was relevant to the defective opera-

tion of the rifle and the defendant's knowledge thereof.

Defendant was acquitted on the possession of an illegal weapon charge, but the jury found the defendant to be guilty of criminally negligent homicide. Defendant was sentenced to a two-year term in the Adams County jail and, pursuant to § 16–11–101, et seq, C.R.S. (1984 Cum.Supp.), the trial court ordered defendant to pay restitution to the Victim Compensation Fund. However, the trial court later reversed its order for restitution, determining that it was without authority to require such since defendant was given neither probation nor made eligible for parole.

## I. *Admissibility of Evidence*

The objections made at trial and specifically raised on appeal include defendant's objection to three of People's photographic exhibits which depicted numerous bullet holes in the ceiling and walls of the house interior; three of People's photographic exhibits which depicted various views of the loveseat and the background wall with bullet holes in it; three of People's photographic exhibits which depicted portions of the interior of the main room in the house looking across the pool table and livingroom; and the People's exhibit which was a photograph of a twenty-two caliber shell casing on the floor "taken from inside the residence". He also challenged the admissibility of the People's exhibits consisting of, repsectively, a paper sack with a jar of live .22 caliber bullets found on the pool table, nine spent .22 caliber shells found on the floor in the house, three live .22 caliber bullets also found on the floor in the house, and a spent bullet found on the loveseat.

Defendant contends that the photographs served no purpose other than to prejudice the jury against him because they showed pornographic and weapon-related magazines in a messy, bullet-ridden interior which emphasized his involvement with the motorcycle gang rather than the issues in question. Furthermore, he argues, that the cumulative effect of so many pictures

of bullet holes and the admission of the live and spent bullets improperly suggested that they were related to the victim's death. We disagree.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than if it would be without the evidence." CRE 401. And, evidence which is otherwise relevant may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or considerations of undue delay, waste of time, or needless presentation of cumulative evidence." CRE 403.

▆▆ Whether evidence is relevant is a question left to the discretion of the trial court. *People v. Lowe,* 660 P.2d 1261 (Colo.1983). Likewise, the admissibility of photographs is a matter within the discretion of the trial court. *People v. Thorpe,* 641 P.2d 935 (Colo.1982); *People v. White,* 199 Colo. 82, 606 P.2d 847 (1980). The trial court must weigh the probative value of the proffered evidence against the potential prejudicial effect on the jury. *People v. White, supra.* Thus, unless an abuse of discretion is shown, the trial court's ruling will not be disturbed on review. *People v. Steele,* 193 Colo. 87, 563 P.2d 6 (1977).

▆▆ The main issue in this case was whether the defendant was criminally negligent in causing the death of the victim. One is criminally negligent if he "fail[s] to perceive, through a gross deviation from the standard of reasonable care, a substantial and unjustifiable risk that death will result from certain conduct." *People v. Taggart,* 621 P.2d 1375 (Colo.1981). Thus, the defendant's familiarity with and knowledge of the premises and the workings of the weapon would be probative of whether defendant grossly deviated from a reasonable standard of care.

▆▆ The photographs were relevant in that they emphasized the location of the furniture and the nature of the premises in relation to the defendant, the victim, and the weapon. The spent and live bullets were likewise relevant to the issue of whether the weapon was defective and to the defendant's knowledge of the weapon in that they were found at the scene and were of the same caliber as the weapon which was involved in the case. *See Washington v. People,* 158 Colo. 115, 405 P.2d 735 (1965), *cert denied, Washington v. Colorado,* 383 U.S. 953 86 S.Ct. 1217, 16 L.Ed.2d 215 (1966). It is not necessary that the .22 caliber bullets be scientifically shown to have been fired from the weapon; the fact that the rifle and bullets are of the same caliber is sufficient to allow them to be admitted. *Cf. Mitchell v. People,* 173 Colo. 217, 476 P.2d 1000 (1970). Therefore, all of the photographs and physical evidence were relevant and probative as to whether defendant was in fact criminally negligent, and since there was sufficient connection between the rifle, the bullets, the photographs, and the defendant, they were properly received into evidence.

▆▆ Nor do we believe, after reviewing the evidence and record before us, that the probative value of the evidence was substantially outweighed by the presentation of cumulative evidence or by its prejudicial impact. The record before us supports the conclusion that the trial court applied the proper balancing test in determining the probative value of the evidence. There is no indication that such evidence was so prejudicial to have substantially influenced the verdict or affected the fairness of the trial. *See People v. Quintana,* 665 P.2d 605 (Colo.1983).

## II. *Instructions*

▆▆ Defendant next contends that the trial court erred in refusing his tendered instruction which states as follows:

> "You are instructed that the mere happening of an accident is not in and of itself evidence of criminal negligence on the part of the defendant."

We perceive no error in the trial court's refusal of this instruction since the instructions, when read as a whole, sufficiently covered what the defendant's instruction claimed to do.

Furthermore, another instruction given to the jury was very similar to the one defendant requested. It reads:

"Evidence that the death of [victim] resulted from a gunshot wound is not sufficient in and of itself to establish that the defendant Brian Karl Young acted with criminal negligence."

If a tendered instruction sets forth a theory of the case which amounts to nothing more than a general denial of the act, or if the instruction is already encompassed in other instructions, the defendant is not entitled to have his theory of the case reiterated in a separate instruction. *See People v. Montoya*, 44 Colo.App. 234, 616 P.2d 156 (1980).

### III. *Sufficiency of Evidence*

Defendant finally contends that the evidence was insufficient to sustain a guilty verdict. We disagree.

There was sufficient and competent evidence to support the jury's verdict. The defendant had a good working knowledge of the gun and had shot it many times, at least once inside the house. The evidence also disclosed that he worked on the gun inside the house with others present and had knowledge that it often discharged more than one bullet at a time. On the day of the incident, defendant admitted he had not checked whether the safety was on or whether it was loaded before it was left by the closet or after he had picked it up. Defendant was familiar with the interior of the house and knew of the depression in the floor and the location of all the furniture. These facts, in addition to the jury being properly instructed on the elements of criminal negligence, were sufficient to support the jury's verdict.

### IV. *Prosecution's Cross-Appeal*

The prosecution cross-appeals on the ground that the trial court's original order requiring defendant to reimburse the Victim's Compensation Fund should be reinstated. We disagree.

The General Assembly has specified several circumstances under which restitution is authorized: as a condition of work release, § 17–26–128(5)(a), C.R.S. (1978 Repl.Vol. 8); as a condition of probation, § 16–11–204.5, C.R.S. (1984 Cum. Supp.); as a condition of parole, § 17–2–201(5)(c)(I), C.R.S. (1984 Cum.Supp.); and in connection with deferred prosecution. *See* § 16–7–401, C.R.S. (1984 Cum.Supp.) Restitution is also authorized in certain crimes against the elderly or handicapped. *See* § 18–4–304(4), § 18–4–401(7)(b), and § 18–3–209(4), C.R.S. (1984 Cum.Supp.). We do not read the statutes to allow a court to impose restitution on a defendant except under some form of conditional release or unless it is authorized relative to certain specific crimes. Neither situation is present here. *See People v. Schmidt*, 700 P.2d 925, (Colo.App.1985).

The People's contention that § 16–11–102(4), C.R.S. (1985 Cum.Supp.) authorized the court to impose restitution under the circumstances herein is incorrect. This section provides:

"The court, with the concurrence of the defendant and the prosecuting attorney, may dispense with the presentence examination and report; except that a report containing the information required by the court pursuant to § 16–11–204.5 [restitution as a condition of probation] and a victim impact statement shall be made in every case, and the amount of restitution shall be fixed by the court at the time of sentencing and shall be endorsed upon the mittimus".

This provision only comes into effect if defendant "may be sentenced to comply with any other court order *authorized by law.*" Section 16–11–101(1)(f), C.R.S. (1978 Repl.Vol. 8). (emphasis added) Here, inasmuch as defendant was denied probation, work release, or a chance for parole and

was required to serve the full two year sentence in the county jail, there is no statutory provision which would authorize restitution.

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.