The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of: T.R.S., A Minor Child,

And Concerning R.M.S., Respondent-Appellant.

No. 85CA0760.

Colorado Court of Appeals, Div. I.

March 20, 1986.

Greta Maloney, Asst. County Atty., Boulder, for petitioner-appellee.

Marie Walton, Longmont, Guardian Ad Litem.

Louis A.J. Rubino, Boulder, for respondent-appellant.

PIERCE, Judge.

R.M.S. (mother) appeals from an order terminating her parental rights to her minor child, T.R.S. We affirm.

In April 1983, T.R.S. was removed from the mother's home, placed in foster care, and was adjudicated dependent and neglected. In April 1984, the Boulder County Department of Social Services filed a petition to terminate the parent-child relationship between the mother and T.R.S.

In October 1984, pursuant to § 19–11–107, C.R.S. (1978 Repl.Vol. 8), the mother was provided with an expert witness of her own choosing—a licensed psychologist—at the state's expense. The expert evaluated the mother and concluded termination of the parental relationship was proper and in the "best interests" of T.R.S. He then informed counsel for the mother that he was not willing to assist in the preparation of the mother's case. The mother then filed a pretrial motion, and moved the court again at trial, for the reappointment of a second expert. Both motions were denied. Subsequently, the trial court ordered the termination of the mother's parental rights to T.R.S. The mother premises her appeal of the termination upon the court's denial of her motions requesting the appointment of a second expert.

## I.

The mother first argues that she was entitled to the appointment of a second expert under § 19–11–107, C.R.S. (1978 Repl.Vol. 8), once the first expert refused to assist with the preparation of her case. We disagree.

Section 19–11–107(1), C.R.S. (1978 Repl. Vol. 8) provides:

"An indigent parent has the right to have appointed *one* expert witness of his own choosing whose reasonable fees and expenses, subject to the court's review and approval, shall be paid by the state of Colorado pursuant to § 19–11–110." (emphasis added)

Where, as here, the language of the statute is plain and its meaning clear, it must be applied as written. *Heagney v. Schneider*, 677 P.2d 446 (Colo.App.1984); *People in Interest of Paiz*, 43 Colo.App. 352, 603 P.2d 976 (1979). In § 19–11–107(1), C.R.S., the General Assembly showed its intention that an indigent parent receive only a single court-appointed expert, of the parent's own choosing. Under this statute, the mother here is not permitted to conduct a search, at the state's expense, for an expert to her liking. Therefore, the trial court did not err in denying her motions for the appointment of a second expert.

## II.

The mother next argues that she was denied due process protections under the state and federal constitutions by being forced to go to trial without the assistance of an expert witness. We do not agree. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).

The judgment is affirmed.

BERMAN and TURSI, JJ., concur.