The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Charles Morris MARTINEZ, Defendant-Appellant.

No. 85CA0311.

Colorado Court of Appeals, Div. III.

Nov. 20, 1986.

Rehearing Denied Dec. 18, 1986.

Certiorari Denied (Martinez) March 23, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Judy Fried, Deputy Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Charles Morris Martinez, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of second degree murder. He contends, among other things, that the trial court erred in admitting evidence that the victim was pregnant and in entering a judgment which required defendant to pay restitution as a condition of parole. We affirm.

Undisputed evidence presented by the prosecution showed the following events to have occurred. On an evening in April 1984, defendant met the victim at a local dance, but left the dance without her. Several hours later, defendant and three friends were "cruising" and "partying" in defendant's car. While defendant was driving, they saw the victim walking down the street and picked her up. Defendant, his friends, and the victim had all been drinking heavily.

Defendant and the victim began arguing and he slapped her. She threatened to jump out of the car and opened the door. Defendant pushed her, and as she grabbed the door handle, he stomped on the accelerator, causing her to fall out of the car. Telling his friends, "I'm going to kill her," defendant then turned the car around and stopped it. He exited the car, chased the victim until he caught her, and began beating her with his fists. She attempted to run away but he caught her again and continued to beat her about the head and legs, first with his fists, then with a two-by-four, and finally, with a tire iron until she was dead. Defendant threatened the other men in the car and forced them to help him move the victim's body.

Defendant was subsequently charged with first degree murder. Prior to trial, defendant filed a motion *in limine* seeking to exclude any evidence concerning the fact that the victim was five months pregnant, asserting that it was irrelevant and prejudicial. The trial court denied the motion, finding that the evidence was admissible under a *res gestae* theory. At trial, the prosecutor, during his narration of a video of the crime scene, and the physician who

performed the autopsy, briefly referred to the victim's pregnancy.

The jury found defendant guilty of second degree murder and the trial court sentenced him to a term of 24 years, the maximum in the aggravated range, plus one year of parole. The trial court also ordered that defendant pay restitution to the victim compensation fund in the amount of $2,990, for the victim's funeral expenses, as a condition of parole.

## I.

Defendant's first contention is that the trial court erred when it denied his motion *in limine* and allowed two brief references to the fact that the victim was five months pregnant at the time of her death. Contending that the evidence was irrelevant and prejudicial, defendant urges reversal of his conviction.

The People respond by saying that the evidence is highly relevant, since it was probative of the defendant's intent to kill the victim, his deliberation, and as part of the *res gestae*. Alternatively, they argue that, if error occurred, it was harmless. We agree with the defendant that the testimony was irrelevant, but agree with the People that its admission was harmless.

In denying defendant's motion to exclude any evidence concerning the victim's pregnancy, the trial court relied on *People v. Manier*, 184 Colo. 44, 518 P.2d 811 (1974). There, our supreme court recognized that such testimony might prejudice the jury, but admitted the evidence as part of the *res gestae* concerning the homicide. The court noted that there was ample testimony elicited by both the defense and the prosecution that the victim was pregnant and that the defendant, the victim's ex-husband, was angered that his wife was married to an-other man and was carrying his child. Thus, under the circumstances at issue in *Manier*, the evidence was highly relevant to that defendant's motive and intent.

In contrast, here, the victim's pregnancy was not relevant to the determination of defendant's culpability. Defendant had no prior relationship with the victim, and her pregnancy was merely an incidental fact relating to her physical state. It did not make the existence of a fact that was of consequence to the determination of the action more or less probable. *See* CRE 401 and 402. Thus, we agree with defendant's assertion that the evidence in question was irrelevant.

However, we conclude that admission of the evidence was not so prejudicial as to require reversal in this case.

■ The proper inquiry in determining whether an error requires reversal is whether the error substantially influenced the verdict or affected the fairness of the trial proceedings. *Tevlin v. People*, 715 P.2d 338 (Colo.1986); *People v. Carlson*, 712 P.2d 1018 (Colo.1986). Generally, evidence of a homicide victim's pregnancy at her death, by itself, has not been held to be a basis for reversal. *Givens v. State*, 98 Nev. 573, 655 P.2d 533 (1982); *Burrows v. State*, 640 P.2d 533 (Okla.Crim.1982) *cert. denied*, 460 U.S. 1011, 103 S.Ct. 1250, 75 L.Ed.2d 480 (1983); *People v. Pendleton*, 24 Ill.App.3d 385, 321 N.E.2d 433 (1974).

■ We do not believe that the introduction of such evidence in this case contributed to the jury's finding of guilt. We note that the two references to the victim's pregnancy were brief, and no attempt was made by the prosecution to emphasize this evidence. In addition, there was overwhelming evidence, both testimonial and circumstantial, pointing towards defendant's guilt. Moreover, the jury found that defendant was guilty of second degree murder, not of first degree murder, the original charge. Accordingly, because the admission of the two statements did not substantially influence the verdict or affect the fairness of the proceedings, we conclude that the error was harmless.

## II.

■ Relying on *People v. Young*, 710 P.2d 1140 (Colo.App.1985), defendant argues that, because he was neither conditionally released nor convicted of a crime which specifically provides for the imposition of restitution as a part of the sentence, the trial court's restitution order was not

authorized by law and, thus, constituted error. We disagree.

The rule enunciated in *People v. Young, supra,* is inapposite to the facts of this case. In *Young,* the defendant was sentenced to two years in jail, with no provision made for work release, probation, or parole. Nor was the defendant in *Young* convicted of a crime which specifically authorized restitution. Consequently, we concluded that, because of the absence of any statutory provision authorizing restitution, the trial court erred in imposing it.

In this case, the defendant's sentence of 24 years in the Department of Corrections plus one year of parole was authorized by §§ 18–1–105(1)(a)(I), (6), and (9), C.R.S. (1986 Repl.Vol. 8B). The inclusion of the year of parole is mandated by § 18–1–105(1)(a)(I) for any felony committed after July 1, 1979, and before July 1, 1984. However, several other statutes must be referred to in considering the propriety of the defendant's sentence in this case.

Section 17–22.5–303(2), C.R.S. (1986 Repl. Vol. 8A) provides, in pertinent part, that in the case of any person convicted of a felony, other than a class one felony, which was committed on or after July 1, 1981, but before July 1, 1984:

> "The conditions of parole for any such person shall be subject to section 17–2–201 ... (5)(c) prior to his release from incarceration...."

Section 17–2–201(5)(c)(I), C.R.S. (1986 Repl.Vol. 8A) provides, in pertinent part, as follows:

> "As a condition of every parole, the board shall provide that the offender make restitution to the victim of his conduct or a member of the victim's immediate family for the actual damages which were sustained. The amount of such restitution shall be as determined by the court pursuant to section 16–11–102(4), C.R.S."

Section 16–11–102(4), C.R.S. (1986 Repl. Vol. 8A) provides, in pertinent part, as follows:

> "[T]he amount of restitution shall be fixed by the court at the time of sentenc-

ing and shall be endorsed upon the mittimus."

In reading the statutes together, and attempting to harmonize them, *see People v. Cornelison,* 192 Colo. 337, 559 P.2d 1102 (1977), we discern the following requirements as being mandated by the various pertinent provisions: 1) the trial court was required to impose one year of parole as a part of the defendant's sentence; 2) restitution was required as a condition of parole; 3) the amount of such restitution was required to be determined by the court at sentencing; and, 4) the sentencing court was required to endorse the restitution amount on the mittimus.

The above statutory requirements were complied with in this case. The court determined the amount of restitution to be $2,990, and endorsed that amount upon the mittimus. When the defendant is eventually released on parole, he will be required by the parole board, as a condition of his parole, to pay that amount to the victim's family through the local victim compensation fund. *See* § 17–2–201(5)(c)(I), C.R.S. (1986 Repl.Vol. 8A).

Such a construction of the applicable statutes is entirely consistent with the express intent of the General Assembly to encourage the establishment of restitution programs and to utilize restitution "wherever feasible to restore losses to the victims of crime and to aid the offender in reintegration as a productive member of society." Section 17–28–101(2), C.R.S. (1986 Repl.Vol. 8A). Moreover, such a construction is practical since the trial court is in the best position to determine the amount of restitution. Thus, the court's sentence was neither erroneous nor illegal, and is affirmed.

Defendant's other contentions are without merit.

The judgment of conviction and sentence are affirmed.

SMITH and BABCOCK, JJ., concur.