**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Amber HARE, Defendant–Appellant.**

**No. 87CA1375.**

Colorado Court of Appeals,
Div. A.

June 22, 1989.

Rehearing Denied July 27, 1989.

Certiorari Granted Nov. 27, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Hope P. McGowan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Chief Judge KELLY.

The defendant, Amber Hare, appeals the judgment of conviction entered on a jury verdict finding her guilty of manslaughter. She also appeals the sentence imposed pursuant to § 16–11–309, C.R.S. (1986 Repl. Vol. 8A). We affirm the judgment and vacate the sentence.

The defendant testified that she and the victim had lived together for several months before the shooting. According to her testimony, on the evening of the shooting, the victim repeatedly threatened the defendant by placing a gun between her eyes and pulling the trigger. The defendant, fearing for her life, struggled with him for the gun which fired and dropped to the floor. The victim then went to the next room, and the defendant heard him fall to the floor. A few hours later, she realized that he was dead. She called a friend, and they dumped the victim's body in a landfill.

## I.

The defendant argues that the trial court erred in refusing her tendered "apparent necessity" instruction. We disagree.

The defendant correctly states that *Young v. People*, 47 Colo. 352, 107 P. 274 (1910) requires the giving of a separate instruction on apparent necessity when the evidence so warrants and when the trial court's self-defense instruction does not adequately inform the jury of a person's right to act on the appearance of being killed or receiving great bodily harm. *See also People v. Tapia*, 183 Colo. 141, 515 P.2d 453 (1973).

*Young* and *Tapia* were decided prior to the codification of the criminal law, and the instructions given tracked the existing statutes. *See* Colo.Sess.Laws 1861, §§ 28, 29, and 30 at 294. Those statutes, and the instructions premised on them, were interpreted to require further instruction on apparent necessity because they did not make it clear that the appearance of imminent danger could justify acting in self-defense.

However, with the codification, § 18–1–704, C.R.S. (1986 Repl.Vol. 8B) explicitly provided that reasonable belief of imminent danger justifies self-defense. Accordingly, instruction in accordance with the statute is sufficient to convey the concept of apparent necessity.

This conclusion is buttressed by the General Assembly's rejection of the common law in criminal matters. *See* § 18–1–104, C.R.S. (1986 Repl.Vol. 8B). Although we are not precluded from reliance upon the common law to aid in construing the criminal code, *People v. Berry*, 703 P.2d 613 (Colo.App.1985), when statutory meaning is clear, we must give effect to that meaning. *Heagney v. Schneider*, 677 P.2d 446 (Colo.App.1984).

The trial court here instructed the jury:

"It is an affirmative defense to the crime ... of Manslaughter ... that the defendant used deadly physical force because she reasonably believed a lesser degree of force was inadequate, and had reasonable grounds to believe, and did believe that she was in imminent danger of being killed or of receiving great bodily injury."

This instruction adequately informed the jury that the defendant may act on the appearance of imminent danger. *See People v. Beckett*, 782 P.2d 812 (Colo.App. 1989); *People v. Berry, supra. But see People v. Jones*, 675 P.2d 9 (Colo.1984); *People v. Duran*, 40 Colo.App. 302, 577 P.2d 307 (1978).

## II.

The defendant also contends that the trial court erred by refusing to instruct the jury on her theory of the case. We disagree.

Although a defendant is entitled to an instruction on her theory of the case, *People v. Moya*, 182 Colo. 290, 512 P.2d 1155 (1973), here, the defendant's tendered instruction amounted to nothing more than a restatement of the self-defense instruction actually given. Thus, the defendant's instruction would have added little to the jury's understanding of the case. *See People v. Young*, 710 P.2d 1140 (Colo.App. 1985). The trial court's refusal of defendant's instruction was not error.

## III.

We agree with the defendant that the trial court erred in sentencing her according to § 16–11–309, C.R.S. (1986 Repl. Vol. 8A). That statute requires enhanced sentencing for any person convicted of a "crime of violence." By its own terms, the statute's effect is limited to certain enumerated offenses, not including manslaughter. Hence, since the defendant was convicted of manslaughter, using § 16–11–309 as a basis for sentencing her outside the presumptive range for such offense was error.

The judgment of conviction of the offense of manslaughter is affirmed. The sentence imposed pursuant to § 16–11–309 is vacated, and the cause is remanded for resentencing.

CRISWELL, J., concurs.

DUBOFSKY, J., dissents.

DUBOFSKY, Judge, dissenting:

I respectfully dissent.

This case presents the question of whether in a second degree murder and manslaughter case involving a claim of self defense the trial court properly determined that defendant did not have a right to a separate instruction on the concepts of apparent necessity and the right to be wrong (apparent necessity instruction). For almost 80 years, since *Young v. People*, 47 Colo. 352, 107 P. 274 (1910), a separate apparent necessity instruction has been available to defendants in such cases and I am unconvinced that such an instruction was not mandated here.

The defendant testified that she and the decedent had lived together for approximately six months prior to the shooting. Defendant testified that during this time she had been repeatedly beaten, threatened, humiliated, and intimidated by the decedent. On the evening the decedent was shot by defendant, the latter claimed that the decedent: (a) was severely intoxicated; (b) repeatedly told defendant that he would kill her and that one of them would not be alive in the morning; (c) injured and assaulted her; and (d) used one of his recently acquired guns to terrorize her.

Defendant's self-defense claim was buttressed by a psychologist with expertise on the battered women syndrome. The psychologist testified to various aspects of this syndrome including learned helplessness, constant physical beatings, ongoing threats of injury and death, repeated sexual abuse, and the proclivity of the man to follow the woman and to not let her leave him.

The majority's opinion rests largely on the view that the language in the present self-defense statute now encompasses the defense of apparent necessity and that, therefore, a separate instruction on apparent necessity need not be given. The majority concurs that the present self-defense statute instruction, based upon the amended statute, differs from earlier self-defense statutes and instructions and that difference justifies the trial court's decision not to give an apparent necessity instruction.

I disagree with this analysis for several reasons. Enactment of a new statute regarding general subject matter does not preclude reliance by the court upon the common law for appropriate jury instructions. *People v. Berry*, 703 P.2d 613 (Colo. App.1985). The language of the instructions given by the trial courts in *Young v. People, supra; People v. Tapia*, 183 Colo. 141, 515 P.2d 453 (1973); and *People v. Duran*, 40 Colo.App. 302, 577 P.2d 307 (1978) covered, as here, the defendant's right to use deadly force when he reasonably perceives a threat of injury or death. In those cases, despite such instructions, the reviewing courts held it was reversible error not also to give an apparent necessity instruction. Here, the instruction that was given was comparable to those found inadequate in earlier cases. Therefore, the reason for an apparent necessity instruction is no less demanding under the present statute and instruction as under *Young v. People* and its progeny. *See also People v. Berry, supra.*

Furthermore, the reasonable belief instruction given here leaves to arguments of counsel, and thus to chance, whether a jury will accept and follow the idea of apparent necessity and the right to be wrong. Arguments of counsel are neither evidence nor the law of the case. To place counsel in the position of arguing the extent and legal meaning of the self-defense statute invites unnecessary confusion and objections. *See People v. Berry, supra* (Tursi, J., dissenting).

The majority accepts the vitality and importance of apparent necessity and the right to be wrong as an ongoing critical aspect of self-defense. Their reason for upholding the trial court's denial of the instruction is that it is covered by the instruction based upon the present self-defense statute.

Since *Young v. People*, it has been the law that a separate instruction based on the twin concepts of apparent necessity and the right to be wrong is a critical, even a constitutional, part of self-defense. The apparent necessity instruction was not considered to overemphasize aspects of the self-defense instruction, and it helped in-

sure that the jury followed the concepts of apparent necessity and the right to be wrong in reaching its decision. The *Young* court recognized the danger to the defendant's right of self-defense if a jury required a defendant to determine correctly the actual necessity of using deadly force.

A battered woman syndrome case presents a factual setting in which an apparent necessity instruction is appropriate. Women who have been subject to the battering, domination, and control of men may have an altered perception and evaluation of the immediate situation and could, on the surface, appear to overreact to the last and precipitating incident. The apparent necessity instruction helps insure that the jury considers a woman's prior experiences of helplessness, terror, beatings, and threats which may have caused a heightened response at the time of the incident.

Therefore, I agree with the statement by this court in *People v. Duran, supra,* that if:

> "the evidence raises the question of self-defense, instructions on apparent necessity and acting on appearances as outlined in *Young v. People* and *People v. Tapia, supra,* should be given. The trial court's failure to do so constitutes reversible error."