**Amber HARE, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 89SC479.**

Supreme Court of Colorado,
En Banc.

Oct. 29, 1990.

Rehearing Denied Dec. 10, 1990.

---

David F. Vela, State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Hope P. McGowan, Asst. Atty. Gen., Denver, for respondent.

Chief Justice ROVIRA delivered the Opinion of the Court.

In this certiorari proceeding, the defendant Amber Hare requests that this court reverse the court of appeals decision in *People v. Hare*, 782 P.2d 831 (Colo.App. 1989). In *Hare*, the court held that the trial court did not err in giving a self-defense jury instruction tracking the self-defense statute, § 18–1–704, 8B C.R.S. (1986), and in refusing the defendant's tendered jury instruction that required the jury to consider the "apparent necessity" for exercising self-defense. We considered this issue in *Beckett v. People*, 800 P.2d 74 (Colo. 1990). As in *Beckett*, we affirm the judgment, and hold that the self-defense instruction given by the trial court adequately advised the jury of the defendant's right to self-defense.

## I

In January 1987, the defendant was arrested and subsequently charged with second-degree murder, § 18–3–103, 8B C.R.S. (1986), and commission of a crime of violence, § 16–11–309, 8A C.R.S. (1986), in the death of Bill Ferguson, with whom the defendant had been living. Ferguson was found dead from a gunshot wound to his chest. After a jury trial, the defendant was found guilty of commission of a crime of violence,[1] the lesser-included offense of heat-of-passion manslaughter, § 18–3–104(1)(c), 8B C.R.S. (1986), and the lesser non-included offense of abuse of a corpse, § 18–13–101, 8B C.R.S. (1986).[2]

At trial the defendant testified that she and Ferguson struggled for a gun and that during the struggle Ferguson was shot. She testified that prior to the struggle Ferguson had consumed a large amount of alcoholic drinks, watched videotaped movies depicting violence, and threatened to kill her. In addition, the defendant testified that on numerous prior occasions, Ferguson had mistreated her and threatened to kill her.

The trial court gave a self-defense jury instruction tracking the self-defense statute,[3] and refused the defendant's tendered self-defense jury instruction, which stated:

Actual danger is not required to justify the actions of one acting in self-defense. Apparent necessity, if well grounded and of such a character as to appeal to a reasonable person, under like conditions and circumstances, as being sufficient to require action, justifies the application of the doctrine of self-defense to the same extent as actual or real necessity. Accordingly, you should consider the facts and circumstances as they appeared to the defendant, Amber Hare, at the time of her actions, and decide if she acted as a reasonable person would have if sub-

---

1. The trial court found the crime-of-violence statute, § 16–11–309, applicable to manslaughter and accordingly sentenced the defendant to an aggravated term of imprisonment. The court of appeals held that § 16–11–309 is not applicable to manslaughter, and remanded the cause for resentencing. The parties did not petition for certiorari on this issue, and it is not before us.

2. The trial court instructed the jury on the lesser non-included offense of abuse of a corpse because Ferguson's body was severely burned and partially buried in a landfill.

3. The instruction given to the jury stated:

It is an affirmative defense to the crime of ... Manslaughter ... that the defendant used deadly physical force because
1. she reasonably believed a lesser degree of force was inadequate, and
2. had reasonable grounds to believe, and did believe, that she was in imminent danger of being killed or of receiving great bodily injury.

jected to the same or similar circumstances.

## II

We begin our consideration of this case with the self-defense statute, § 18–1–704, 8B C.R.S. (1986). Section 18–1–704 provides in relevant part:

(1) Except as provided in subsections (2) and (3) of this section, a person is justified in using physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for that purpose.

(2) Deadly physical force may be used only if a person reasonably believes a lesser degree of force is inadequate and:

(a) The actor has reasonable ground to believe, and does believe, that he ... is in imminent danger of being killed or of receiving great bodily injury....

The statute thus permits an individual to use physical force against another when she reasonably believes that the other individual has used, or imminently will use, unlawful force against her.

In arguing that an "apparent necessity" instruction should have been given in her case, the defendant relies on *Young v. People,* 47 Colo. 352, 107 P. 274 (1910), and *People v. Tapia,* 183 Colo. 141, 515 P.2d 453 (1973). However, as we explained in *Beckett v. People,* 800 P.2d 74, 76–82 (Colo. 1990), neither *Young's* nor *Tapia's* holding is controlling, because section 18–1–704 was enacted subsequent to *Young* and *Tapia.*[4]

Section 18–1–704 takes into account the reasonable beliefs of an individual who has exercised self-defense physical force. As such, the statute " 'reflects what has long been the settled law of this jurisdiction, namely, reasonable belief rather than absolute certainty is the touchstone of self-defense.' " *Beckett,* at 81 (quoting *People v. Jones,* 675 P.2d 9, 13 (Colo.1984)).

The self-defense jury instruction given by the trial court encompassed the defendant's tendered "apparent necessity" instruction, and permitted the jury to consider from the defendant's viewpoint whether the defendant was justified in using physical force in self-defense against Ferguson. As we stated in *Beckett,* our holdings in *Jones* and *People v. Tippett,* 733 P.2d 1183 (Colo.1987), suggest that an instruction such as the one given the jury in this case—allowing the jury to consider the defendant's "reasonable beliefs" regarding any danger facing her—properly informed the jury that apparent necessity may permit the use of physical force in self-defense. *See Beckett,* at 81–82. Thus, the trial court did not err in refusing her "apparent necessity" jury instruction. *See id.*

Judgment affirmed.

KIRSHBAUM, J., dissents.

ERICKSON and QUINN, JJ., join in the dissent.

Justice KIRSHBAUM dissenting.

For the reasons set forth in part A of my dissent in *Beckett v. People,* 800 P.2d 74 (Colo.1990), I dissent from the majority opinion. The self-defense instruction given by the trial court to the jury in this case simply reflected the bare language of section 18–1–704, 8B C.R.S. (1986). It did not clearly inform the jury of Hare's right to act upon appearances, and the evidence adduced at trial is sufficient to warrant an instruction fully advising the jury of that theory of the case. I would reverse the judgment of the Court of Appeals and direct that court to remand the case to the trial court for a new trial.

---

**4.** We also find inapplicable two court of appeals cases on which the defendant relies, *People v. Duran,* 40 Colo.App. 302, 577 P.2d 307, *cert. denied* (1978), and *People v. Berry,* 703 P.2d 613 (Colo.App.), *cert. denied* (1985). In *Beckett,* we noted that neither case discussed whether the "apparent necessity" instruction required in

*Young* continued to be necessary after the enactment of § 18–1–704. We held in *Beckett* that *Duran* and *Berry* were overruled to the extent they continued to require an "apparent necessity" instruction in self-defense cases after the enactment of § 18–1–704. 800 P.2d at 80 n. 2.

I am authorized to state that Justice ERICKSON and Justice QUINN join in this dissent.