C.A. STAACK PARTNERSHIP, a Colorado partnership, and Gary Cooper, Plaintiffs–Appellants,

v.

The BOARD OF COUNTY COMMIS-SIONERS OF the COUNTY OF ARAP-AHOE, as the County Board of Equalization, Betty Ann Dittemore, Thomas R. Eggert and Bob Brooks, as Member of the Board of County Commissioners of the County of Arapahoe and of the County Board of Equalization, and Joseph Marceny as the Assessor of the County of Arapahoe, Defendants–Appellees.

No. 89CA1249.

Colorado Court of Appeals, Div. V.

Nov. 23, 1990.

Tallmadge, Tallmadge, Wallace & Hahn, P.C., David J. Hahn, John W. Smith III, Denver, for plaintiffs-appellants.

Peter Lawrence Vana III, County Atty., Richard F. Mutzebaugh, Sp. Asst. County Atty., Littleton, for defendants-appellees.

Opinion by Judge HUME.

Plaintiffs, C.A. Staack Partnership and Gary Cooper, appeal a district court judgment affirming the Arapahoe County Board of Equalization's determination that under Colo. Sess. Laws 1983, ch. 426, § 39–1–102(1.6)(a) at 1486, plaintiffs' land was not "agricultural" for purposes of assessment. We reverse and remand with directions.

Plaintiff C.A. Staack Partnership owns a 20–acre parcel of land and plaintiff Cooper owns a non-contiguous one-acre parcel, both of which are partially surrounded by approximately 500 acres of land that is classified as "agricultural land" and is leased for grazing. The 20–acre Staack parcel contains a leased residential improvement and also is used for storage of farm equipment and hay. The unimproved one-acre Cooper parcel is situated at a corner of the 500–acre parcel.

Plaintiffs protested the valuations of their parcels as non-agricultural land. They asserted that a grazing lease agreement that was entered into four years prior to their acquisition of the land in question, between a company that managed the 500–acre parcel and a lessee cattle owner, also included their property.

The assessor denied plaintiffs' protests, and plaintiffs appealed the denial to the Arapahoe County Board of Equalization. The Board determined that the plaintiffs' land was correctly classified as non-agricultural; plaintiffs then appealed that decision to the district court.

Conflicting evidence was presented at a trial *de novo* as to whether the two subject parcels were actually used for grazing, and whether the parcels were leased for grazing pursuant to the management company's lease agreement. The trial court determined that plaintiffs' land did not qualify as agricultural land under the statutes then in effect, without resolving this factual conflict.

## I.

Plaintiffs contend that the trial court erred in interpreting the pertinent statute as then in effect. We agree.

█ If statutory language is plain and its meaning clear, it must be applied as written. *See Heagney v. Schneider*, 677 P.2d 446 (Colo.App.1984).

█ Colo.Sess.Laws 1983, ch. 426, § 39–1–102(1.6)(a) at 1486, defined "agricultural land" as "a parcel of land which was used the previous two years and presently is used as a farm or ranch, as defined

in subsections (3.5) and (13.5) of this section...." Section 39–1–102(13.5), C.R.S. (1990 Cum.Supp.) defines "ranch" as a "parcel of land which is used for grazing livestock for the primary purpose of obtaining a monetary profit."

Section 39–1–102(13.5) requires that the *use* of land for grazing livestock must be for the primary purpose of obtaining a monetary profit. If the use of the land is other than grazing livestock for the primary purpose of obtaining a profit, then the land cannot be classified as "agricultural land" used as a "ranch."

This definition does not require that the owner of the land own the livestock grazing on his land. The owner may lease the land for grazing, and, if such use is for the primary purpose of obtaining a monetary profit from the grazing activity, it constitutes an agricultural use. *Estes v. Board of Assessment Appeals* (Colo.App. No. 89CA1294, Nov. 23, 1990). Therefore, the trial court erred in interpreting the statute to require that the landowners must use the land for grazing their *own* livestock in order to qualify for the agricultural rate of taxation.

### II.

■ The trial court also erred in determining that the owners' intentions for future land use as reflected by the purchase price paid by plaintiffs are a factor to be considered in classifying the property as "agricultural land" pursuant to § 13–1–102(1.6)(a). The statute is silent as to that factor, and thus, a court should not inject it by interpretation. *See Burns v. City & County of Denver*, 759 P.2d 748 (Colo.App.1988).

### III.

■ Plaintiffs' final contention is that the trial court erred in requiring that the residential improvements must relate to the agricultural use of the property. We agree.

Section 39–1–102(1.6)(a) defines "agricultural land" as including "land underlying any residential improvements located on such agricultural land." The statute contemplates residential improvements on land properly classified as agricultural, and it imposes no requirement that the use of the residence be related to the agricultural use of the land. This statutory language must be applied as written. *See Heagney v. Schneider, supra.*

■ We also agree with plaintiffs that the trial court erroneously required plaintiffs to "show by clear and convincing evidence that the Assessor's valuation and classification are incorrect." In assessment challenges of this nature, the burden on the plaintiff is to prove by a preponderance of the evidence that the assessment is incorrect. *Board of Equalization v. Board of Assessment Appeals*, 743 P.2d 444 (Colo.App.1987); § 13–25–127(1), C.R.S. (1987 Repl.Vol. 6A).

■ In order to determine the proper classification of the land for assessment purposes pursuant to § 39–1–102, the trial court must make findings of fact on the conflicting evidence. The record contains unresolved factual disputes as to whether the subject land was used for grazing livestock within the meaning of subsection (13.5), and whether the grazing lease for "approximately 550 acres" included the 20–acre and the one-acre parcels.

The judgment of the trial court affirming the Board of Equalization's decision is reversed, and the cause is remanded for retrial or for reconsideration of the evidence so as to enable the court to make findings resolving the disputed factual issues and to enter a judgment consistent with the views expressed in this opinion.

JONES and REED, JJ., concur.