No. 10,012.

STILWELL *v.* THE PEOPLE.

Decided April 4, 1921.

Plaintiff in error was convicted of the larceny of an automobile.

*Affirmed.*

*On Application for Supersedeas.*

1. EVIDENCE—*Secondary.*  It is not error to exclude secondary evidence of the contents of a telegram, in the absence of a showing that the original cannot be produced.

2. CRIMINAL LAW—*Evidence.*  The defense to the alleged larceny of an automobile was the absence of criminal intent, defendant claiming that he took the machine as the only means of going to his sick wife.  On the trial the wife's evidence was offered to show how ill she was; in the absence of any claim on the part of the defendant that that fact had been communicated to him, the offered testimony was clearly immaterial.

3. CRIMINAL LAW—*Instructions.*  It is not error for the trial court to refuse requested instructions on matters amply covered by the language of instructions given.

*Error to the District Court of Adams County, Hon. S. W. Johnson, Judge.*

Mr. F. T. JOHNSON, Mr. S. H. JOHNSON, for plaintiff in error.

MR. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error (hereinafter referred to as defendant) was informed against, tried, convicted and sentenced to the penitentiary for a term of from three to four years for stealing an automobile.  To review that judgment he brings error and asks the issuance of a supersedeas.

Defendant admitted taking the car in the night time from the owner's garage and without his consent; giving the officers a false explanation of his possession thereof; and retaining it until apprehended, approximately two months after the alleged theft. His defense was absence of criminal intent. The questions necessary for our consideration are thus limited by the closing paragraph of the reply brief: "We are willing to stand or fall upon the sole proposition that the court erred in excluding certain evidence tending to support the defendant's theory of defense and erred in refusing to give instructions numbered 2 and 3 as requested by the defendant."

A careful examination of this record discloses that the court permitted a most minute account of the circumstances under which defendant claimed he took the car, i. e., that his wife was sick and he was out of funds and hurrying to her bed-side. He was not permitted to state the contents of a telegram advising him of his wife's illness, because it was not the best evidence. No attempt was made to show that the message itself could not be produced. The court refused to permit the wife to state just how sick she was. It was not claimed that fact had been communicated to the defendant, hence it was clearly immaterial. In no other way was this evidence limited by the court.

Defendant's requested instructions numbered 2 and 3 are to the effect that to constitute the crime the car must have been taken by the defendant with the intention *then and there of permanently* converting it to his own use. That proposition is amply covered by the following language of instructions given.

"Larceny is the felonious stealing, taking and carrying away the personal goods or chattels of another."

"The evidence must show beyond a reasonable doubt that * * * the same was taken with felonious intent on the part of the defendant to * * * steal * * * said automobile."

In the admission of evidence and instructions to the jury defendant's rights were fully protected. No reversible er-

ror appearing the supersedeas is denied and the judgment affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BAILEY concur.