No. 20899.

THE PEOPLE OF THE STATE OF COLORADO *v.*
CHARLES E. LA VOIE.
(395 P.2d 1001)

Decided October 26, 1964.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. John E. Bush, Assistant, Mr. Ronald J. Hardesty, District Attorney, Mr. F. Richard Hite, Assistant, Mr. Robert G. Pierce, Deputy, for plaintiff in error.

Messrs. Dickerson, Morrissey & Dwyer, Mr. Michael F. Morrissey, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

The defendant in error, to whom we will refer as defendant, was accused of the crime of murder in an information filed in the district court of Jefferson county. He entered a plea of not guilty and a jury was selected to try the case. At the conclusion of the evidence, the trial court, on motion of counsel for defendant, directed the jury to return a verdict of not guilty. It was the opinion of the trial court that the evidence was insufficient to warrant submission of any issue to the jury in

that the sum total thereof established a clear case of justifiable homicide. The district attorney objected, and the case is here on writ of error requesting this court to render an opinion expressing its disapproval of the action of the trial court in directing the verdict of not guilty.

Eighteen witnesses testified during the trial; thirteen were called as witnesses for the prosecution and five for the defense, including the defendant himself. We have read the record and have found nothing therein which would warrant the submission of any issue to the jury for determination.

For purposes of focus and clarity we will summarize the pertinent facts leading up to the homicide. The defendant was employed as a pharmacist at the Kincaid Pharmacy, 7024 West Colfax Avenue, Lakewood, Colorado. His day's work ended at about 12:30 A.M. After leaving his place of employment, he obtained something to eat at a nearby restaurant and started on his way home. He was driving east on West Colfax Avenue, toward the city of Denver, at about 1:30 A.M. An automobile approached his car from the rear. The driver of this auto made contact with the rear bumper of defendant's car and thereupon forcibly, unlawfully, and deliberately accelerated his motor, precipitating the defendant forward for a substantial distance and through a red traffic light. There were four men in the automobile who were under the influence of intoxicating liquor in varying degrees. Prior to ramming the car of the defendant they had agreed to shove him along just for "kicks." The defendant applied his brakes to the full; but the continuing force from behind precipitated him forward, causing all four wheels to leave a trail of skid marks. When defendant's car ultimately came to a stop the auto containing the four men backed away a few feet. The defendant got out of his car and as he did so he placed a revolver beneath his belt. He had a permit to carry the gun. The four men got out of their auto and

advanced toward the defendant threatening to "make you eat that damn gun," to "mop up the street with you," and also directed vile, profane and obscene language at him. The man who was in advance of his three companions kept moving toward defendant in a menacing manner. At this point the defendant shot him. As a result, he died at the scene of the affray.

In upholding the action of the trial court we think it sufficient to direct attention to the opinion of this court in *People v. Urso*, 129 Colo. 292, 269 P.(2d) 709, where we find, inter alia, the following pertinent language:

"* * * It is our opinion, and we so state, that if it is within the power of a trial court to set aside a verdict, not supported by competent legal evidence, then it is equally within the province and power of the court to prevent such a verdict ever coming into existence. In either position, before or after the verdict, the trial court is compelled to survey and analyze the evidence, and from the same evidence, his analysis would undoubtedly be the same before or after a verdict. If it is to the end that the evidence is insufficient or incompetent, and no part of it is convincing beyond a reasonable doubt, then he should be courageous enough to prevent a miscarriage of justice by a jury. * * *"

The law of justifiable homicide is well set forth by this court in the case of *Young v. People*, 47 Colo. 352, 107 Pac. 274:

"* * * When a person has reasonable grounds for believing, and does in fact actually believe, that danger of his being killed, or of receiving great bodily harm, is imminent, he may act on such appearances and defend himself, even to the extent of taking human life when necessary, although it may turn out that the appearances were false, or although he may have been mistaken as to the extent of the real or actual danger. * * *"

The defendant was a stranger to all four occupants of

the auto. He was peaceably on his way home from work, which terminated after midnight. Under the law and the circumstances disclosed by the record, defendant had the right to defend himself against the threatened assault of those whose lawlessness and utter disregard of his rights resulted in the justifiable killing of one of their number.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE HALL concur.