The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Glenn Anthony BERRY,**
**Defendant-Appellant.**

**No. 82CA1100.**

Colorado Court of Appeals,
Div. I.

Feb. 14, 1985.

As Modified on Denial of Rehearings
March 21, 1985.

Certiorari Denied Aug. 19, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, Colorado State Pub. Defender, Jane S. Hazen, Sp. Deputy Pub. Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Glenn Anthony Berry, appeals the judgments entered upon his convictions of two counts of menacing with a deadly weapon. We affirm.

The facts in evidence giving rise to the charges here are that a department store detective watched defendant secret some hair nets upon his person and then go through the check-out stand without paying for these items. The detective followed the defendant to the front of the store, tried to detain him, and to recover the hair nets.

Defendant asked the detective to show identification which the detective did not do. A scuffle ensued and a crowd gathered. A defense witness testified that at this time defendant's companion drove up, and defendant obtained a hand gun from the vehicle. Defendant waved the gun from side to side and challenged the crowd to approach him now that he had the weapon.

The principal ground upon which defendant seeks reversal is the trial court's refusal to give an amplifying instruction in aid of the one given on the issue of self defense. The instruction given by the trial court stated that an affirmative defense to the menacing charge was present if defendant "had reasonable grounds to believe that he was in imminent danger of being killed or receiving great bodily injury."

Defendant does not dispute that the instruction given is fairly taken from § 18–1–704, C.R.S. (1984 Repl.Vol. 8) and *Colo.J.I. —Crim.* Nos. 7:16 and 7:17 (1983). However, he argues, that here, the jury should have been further instructed, in accordance with the instructions he tendered, that "reasonable grounds to believe" encompasses the concept of apparent necessity. The trial court rejected the instructions as being inapplicable to defendant's theory of self-defense.

One of defendant's tendered instructions reads:

"It is fundamental that the law of self-defense, which is emphatically a law of necessity, involves the question of one's right to act upon appearances, even though such appearances may prove to have been deceptive; also the question of whether the danger is actual or only apparent, and as well the fact that actual danger is not necessary, in order to justify one in acting in self-defense. Apparent necessity, if well grounded and of such a character as to appeal to a reasonable person, under like conditions and circumstances, as being sufficient to require action, justifies the application of doctrine of self-defense to the same extent as actual or real necessity."

This language is taken from *Young v. People*, 47 Colo. 352, 107 P. 274 (1910), and was approved recently in *People v. Jones*, 675 P.2d 9 (Colo.1984). When the trial court rejected the tendered instruction, the district attorney stated that he believed that "reasonable belief" encompassed apparent necessity and would not object to the defendant's right to argue so and would not argue to the contrary.

 We reject the People's contention that since the General Assembly has defined self-defense in § 18–1–704, it is improper for the courts to instruct further upon the issue. Under the facts here, it would have been appropriate for the trial court to grant defendant's tendered amplifying instruction.

 We also perceive no merit in the People's argument that the courts are precluded from reliance upon the common law in amplification of sections of the criminal code. *See People v. Jones, supra; People v. Nissen*, 650 P.2d 547 (Colo.1982); *see also* § 18–1–104(3), C.R.S.

 However, we do agree with the People that here any error in refusing the instruction was harmless. The instruction given by the court, while not as verbose as that proposed by the defendant, contains the essence of his claimed defense. We cannot perceive that, had the instruction proposed by the defendant been given, the result in this trial would have been any different.

Having examined defendant's remaining issues preserved for review, we conclude that there was sufficient evidence to sustain the conviction, *see People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973), and that the trial court properly instructed the jury on the scope of a security guard's authority to detain forcibly a suspected shoplifter. *See* § 18–4–407, C.R.S. (1978 Repl.Vol. 8). Defendant's contention concerning the reswearing of the jury goes to an irregularity that was harmless at most. Crim.P. 52(a); *see also Hollis v. People*, 630 P.2d 68 (Colo. 1981).

Judgments affirmed.

VAN CISE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

Defendant's tendered instruction correctly states the principle that in some circumstances one may act in self-defense on the basis of apparent necessity. *People v. Jones*, 675 P.2d 9 (Colo.1984); *People v. Tapia*, 183 Colo. 141, 515 P.2d 453 (1973); *Young v. People*, 47 Colo. 352, 107 P. 274 (1910). The instruction as given failed to inform the jury adequately that apparent necessity as well as actual danger is sufficient to justify reasonable action in self-defense. In view of defendant's tender of a correct instruction on the issue and the fact that a correct instruction was warranted by the evidence, the refusal of the trial court to give it prejudicial error. *People v. Tapia, supra; People v. Duran*, 40 Colo.App. 302, 577 P.2d 307 (1978). And, even though a general instruction was given, it was error for the trial court to refuse to give an instruction which directed the jury's attention to defendant's theory of apparent necessity. *See Nora v. People*, 176 Colo. 454, 491 P.2d 62 (1971).

Nor did the district attorney's agreement not to refute apparent necessity as a proper consideration in the law of self defense render the omission harmless. The duty to instruct the jury properly is ultimately that of the trial court. *Rumley v. People*, 149 Colo. 132, 368 P.2d 197 (1962).

Juries are instructed that the law which shall govern them is contained in the instructions given to them by the court. They are also instructed that argument of counsel is not to be considered as evidence or the governing law of the case. *See Colo.J.I.—Crim.* No. 1:03 and No. 3:01 (1974) and (1983). We may not presume that juries will disregard the court's instructions in favor of defense argument.

Therefore, I would reverse the judgment and remand the cause for new trial.