The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

John Clayton BECKETT, Jr., Defendant–Appellant.

No. 87CA1561.

Colorado Court of Appeals, Div. II.

April 27, 1989.

Rehearing Denied June 29, 1989.

Certiorari Granted Nov. 27, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Guy Till, Asst. Atty. Gen., and Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Griffith, Beach & Allin, Bradford L. Allin, Fort Collins, for defendant-appellant.

Opinion by Judge SILVERSTEIN.*

Defendant, John Clayton Beckett, Jr., appeals a judgment of conviction entered on a jury verdict finding him guilty of menacing with a deadly weapon and prohibited use of weapons. We affirm.

Near the conclusion of a party that defendant had attended, a dispute between a friend of defendant and the host led to the friend being asked to leave. As the friend and defendant left, the defendant shouted to the host, "You are this close to death." Whereupon, the host and two other men started to follow the defendant. Defen-

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

dant went to his car, took out an automatic pistol, pointed at one of the men, and said: "This is all it takes, pal." In response, the man grabbed the weapon, wrestled it away from defendant, and, in so doing struck defendant in the head with it.

Defendant pleaded self-defense, and asserted that he became alarmed when the three men began following him, and sought only to protect himself. He also stated to the arresting officer that he was too drunk to drive and had planned to stay all night at the host's house.

On appeal, defendant contends that the trial court erred in refusing to give his tendered instructions on apparent necessity, on self-defense as an affirmative defense to the charge of prohibited use of weapons, and on the definition of "under the influence." He also asserts error in the court's refusal to admit evidence that the alleged victim attacked the defendant.

## I.

Defendant contends the trial court erred in refusing to give his tendered instruction which read, in pertinent part: "One may act in self-defense on the basis of apparent necessity, or a reasonable but erroneous belief that the use of unlawful physical force is imminent." We disagree. The trial court gave defendant's instruction on his theory of the case, and further instructed the jury that it was a defense to the crime of felony menacing if:

"[T]he defendant threatened force upon another person:

"1. in order to defend himself from what he reasonably believed to be the use or imminent use of unlawful physical force by [the victim;] and 2. he threatened to use a degree of force which he reasonably believed to be necessary for that purpose."

This instruction properly stated the law. *See People v. Jones,* 675 P.2d 9 (Colo.1984). The adding of the words "apparent necessity" would have been merely redundant. Thus, we find no error.

## II.

Defendant contends that self-defense is a valid defense to the crime of prohibited use of weapons, and that it was error not to so instruct the jury. We disagree.

Section 18–12–106(1), C.R.S. (1986 Repl. Vol. 8B), as pertinent here, provides: "A person commits a class 2 misdemeanor if: ... (d) He has in his possession a firearm while he is under the influence of intoxicating liquor."

However, since it is the possession of the firearm while "under the influence" that constitutes the crime, the use, if any, of the firearm cannot constitute a defense to the illegal possession. The trial court was correct in refusing to give the tendered instruction. *See People v. Garcia,* 197 Colo. 550, 595 P.2d 228 (1979).

## III.

Defendant also contends that the trial court should have given an instruction which defined "under the influence of intoxicating liquor." We perceive no error.

"Words or phrases should be given effect according to their plain and ordinary meaning." *People v. District Court,* 713 P.2d 918 (Colo.1986). "Under the influence" is substantially synonymous to "intoxicated" or "drunk." *People v. Norman,* 194 Colo. 372, 572 P.2d 819 (1977).

Defendant testified, without contradiction, that he had been drinking beer and peach schnapps during his stay at the party, and he admitted to the arresting officer that he was "too drunk to drive." Under these circumstances, the failure to define "under the influence," if error, was harmless.

## IV.

Defendant further asserts the court erred in excluding evidence of actions by the victim after the menacing occurred. We find no error.

In determining the issue of reasonable belief of imminent injury, it is the actions and demeanor of the believed assailant ex-

isting prior to the defensive action taken by defendant that are relevant. Actions taken in response to the menacing steps taken by the defendant, and triggered thereby, are not relevant to the determination of whether defendant's belief was reasonable.

Judgment affirmed.

SMITH and DUBOFSKY, JJ., concur.