**John C. BECKETT, Jr., Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 89SC417.**

Supreme Court of Colorado, En Banc.

Oct. 29, 1990.

Rehearing Denied Nov. 19, 1990.

Griffith, Beach & Allin, Bradford L. Allin, Fort Collins, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondent.

Theodore Koeberle, Boulder, Robert Dowlut, Washington, D.C., for amicus curiae The National Rifle Ass'n.

Chief Justice ROVIRA delivered the Opinion of the Court.

The defendant John Beckett Jr. petitioned for certiorari review of the court of appeals decision in *People v. Beckett*, 782 P.2d 812 (Colo.App.1989). After a jury trial, the defendant was convicted of felony menacing with a deadly weapon, § 18–3–206, 8B C.R.S. (1986), and prohibited use of weapons, § 18–12–106(1)(d), 8B C.R.S. (1986). In *Beckett*, the court of appeals held that the trial court did not err in refusing the defendant's "apparent necessity" self-defense jury instruction. We granted certiorari to consider the court of appeals decision, and we now affirm.[1]

## I

In May 1987, the defendant and his friend, while attending a party, became involved in an altercation with Ralph Cirillo and two of his friends. As the defendant left the party and Cirillo and his friends followed him to his car, the defendant raised his hand to one of Cirillo's friends and stated, "You're this close to death." When the defendant reached his car, he reached under the front seat, pulled out an automatic pistol, pointed it at Cirillo, and stated, "This is all it takes, pal." Subse-

quently, the defendant was disarmed and restrained until the police arrived. The defendant testified at trial that Cirillo and his friends were large persons, that they were angry, and that he was afraid Cirillo and his two friends would harm him.

At the conclusion of all the evidence, the defendant tendered a self-defense jury instruction stating that "[o]ne may act in self-defense on the basis of apparent necessity, or a reasonable but erroneous belief that the use of unlawful physical force is imminent." The tendered instruction also stated that self-defense was an affirmative defense to the crimes of felony menacing and prohibited use of weapons.

The trial court refused the tendered instruction. The court also ruled that the defendant was not entitled to a self-defense instruction on the count alleging prohibited use of weapons. The court of appeals affirmed, holding that the defendant's tendered "apparent necessity" instruction was "merely redundant," and that self-defense could not be an affirmative defense to a prohibited-use-of-weapons charge. *People v. Beckett*, 782 P.2d 812, 813 (Colo.App. 1989).

## II

We first consider the defendant's argument that the court of appeals erred in concluding that the defendant was not entitled to an amplifying self-defense instruction concerning "apparent necessity."

Section 18–1–704, 8B C.R.S. (1986), sets forth the statutory affirmative defense of self-defense. The statute provides in relevant part:

(1) Except as provided in subsections (2) and (3) of this section, a person is justified in using physical force upon another person in order to defend himself or a third person from what he *reasonably believes* to be the use or imminent

---

1. We also granted certiorari to consider whether the court of appeals erred in holding that self-defense is not a defense to a charge of prohibited use of weapons under § 18–12–106(1)(d). Because we conclude that the trial court properly instructed the jury on the defendant's self-defense claim, and because the jury found that the

defendant had not satisfied the requirements of the self-defense statute, § 18–1–704, 8B C.R.S. (1986), it is not necessary to consider this second issue. We thus express no opinion on whether self-defense may be a defense to the offense of prohibited use of weapons.

use of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for that purpose.

(2) Deadly physical force may be used only if a person *reasonably believes* a lesser degree of force is inadequate and:

(a) The actor has *reasonable ground to believe*, and does believe, that he ... is in imminent danger of being killed or of receiving great bodily injury....

(Emphasis supplied.)

The defendant relies on *Young v. People*, 47 Colo. 352, 107 P. 274 (1910), and *People v. Tapia*, 183 Colo. 141, 515 P.2d 453 (1973), for the proposition that an "apparent necessity" jury instruction is required in self-defense cases.[2] We find those cases inapposite.

In *Young*, this court held that the trial court's self-defense instructions, which were based on the existing self-defense statutes, *see* §§ 719–721, Gen.Stats. of Colo. (1883)[3], were inadequate. The trial court instructed the jury in relevant part that:

Justifiable homicide is the killing of a human being in necessary self-defense of ... person, against one who manifestly intends or endeavors by violence to commit a known felony ... upon any person or persons....

A bare fear of any of these offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable person, and that the party killing really acted under the influence of those fears, and not in a spirit of revenge.

[T]he right to self-defense is only given in emergencies[4] to enable persons who are attacked and to whom it may reasonably appear, that their lives or bodies are in danger of great bodily injury, to defend themselves; that this right is based upon what reasonable persons, having due regard for human life, would do under similar circumstances....

**2.** The defendant also cites *People v. Duran*, 40 Colo.App. 302, 577 P.2d 307, *cert. denied* (1978), and *People v. Berry*, 703 P.2d 613 (Colo.App.), *cert. denied* (1985). In each case the defendant tendered "apparent necessity" instructions, which the trial court refused to give to the jury, and in each case the court of appeals, applying *Young*, held that the trial court erred in not giving the "apparent necessity" instructions to the jury. Because neither *Duran* nor *Berry* considered whether jury instructions based on § 18–1–704 contained the same defects as the jury instructions based on § 18–1–704's predecessor, *Duran* and *Berry* are not persuasive authority in this case. Moreover, to the extent that *Duran* and *Berry* are inconsistent with our holding today, they are overruled.

**3.** The statutes provided that:

**719. Justifiable homicide—Necessary defense[ ]**

Sec. 31. (28.) Justifiable homicide is the killing of a human being in necessary self-defense or in the defense of habitation, property or person against one who manifestly intends or endeavors by violence or surprise to commit a known felony, such as murder, rape, robbery, burglary and the like, upon either person or property, or against any person or persons who manifestly intend and endeavor in a violent, riotous or tumultuous manner to enter the habitation of another for the purpose of assaulting or offering personal violence to any person dwelling or being therein....

**720. Bare fear—Reasonable fear—Magistrate—What required.[ ]**

Sec. 32. (29.) A bare fear of any of these offenses to prevent which the homicide is alleged to have been committed shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable person, and that the party killing really acted under the influence of those fears and not in a spirit of revenge. And if the person killed was a magistrate, a police, or other public officer, it must appear also that the slayer was not the assailant, and that the person killed was not acting in the discharge of his duties....

**721. Killing in self-defense—What sufficient cause.[ ]**

Sec. 33. (30.) If a person kills another in self-defense it must appear that the danger was so urgent and pressing that in order to save his own life or to prevent his receiving great bodily harm the killing of the other was absolutely necessary. And it must appear also that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given....

**4.** This court in *Vigil v. People*, 143 Colo. 328, 333–34, 353 P.2d 82, 85 (1960), disapproved of this language—that the right to self-defense is only "given in emergencies."

.... Self defense is not available where defendant is not reasonably freed [sic] from fault nor unless there is evidence tending to show that he either was or appeared to be menaced at the time by some overt act on the part of the assailant of a character to create reasonable apprehension of danger of his life or of great bodily harm.

*Young*, 47 Colo. at 353–54, 107 P. at 275. This court held that the jury instruction failed to apprise the jurors that the defendant, who according to his testimony was threatened with death or great bodily injury, had the right under the doctrine of self-defense to defend himself against "apparent" danger:

[T]he defendant had a constitutional right to have a lucid, accurate and comprehensive statement by the court to the jury of the law on the subject of self-defense from his standpoint, upon the supposition that the jury might believe ... his testimony, and that of his witnesses....

It is fundamental that the law of self-defense, which is emphatically a law of necessity, involves the question of one's right to act upon appearances, even though such appearances may prove to have been deceptive; also the question of whether the danger is actual or only apparent, and as well the fact that actual danger is not necessary, in order to justify one in acting in self-defense. Apparent necessity, if well grounded and of such a character as to appeal to a reasonable person, under like conditions and circumstances, as being sufficient to require action, justifies the application of the doctrine of self-defense to the same extent as actual or real necessity.

*Id.* at 355, 107 P. at 275–76.

In *Tapia*, this court, quoting the above language in *Young*, held that a self-defense jury instruction—which was based on the then-existing self-defense statutes, *see Tapia*, 183 Colo. at 146, 515 P.2d at 455; § 40–2–13 to –15, 3 C.R.S. (1963)—similar to the instruction given in *Young* failed to apprise the jury that the defendant was entitled to use self-defense based upon " 'appearances of danger [whether] real or apparently real, so as to justify action in self-defense.' " 183 Colo. at 145–46, 515 P.2d at 455 (quoting *Young*, 47 Colo. at 356, 107 P. at 276).

In 1971, the legislature repealed the self-defense statutes on which the jury instructions in *Young* and *Tapia* were based, and enacted section 40–1–804, which is almost identical to the current self-defense statute, section 18–1–704. 1971 Colo.Sess. Laws 388, 409. Since the enactment of sections 40–1–804 and 18–1–704, this court has not considered[5] whether the *Young* and *Tapia* requirement of an "apparent necessity" jury instruction continues to be necessary.[6]

In this case the self-defense jury instruction, Instruction No. 14, which was based on section 18–1–704, stated:

It is an affirmative defense to the crime of felony menacing that the defen-

---

**5.** Although *Tapia* was decided in 1973, the defendant in that case was tried prior to the effective date of the 1971 amendments to the statutes, and the trial court's self-defense instructions were based on the pre–1971 self-defense statute. *See Tapia*, 183 Colo. at 146, 515 P.2d at 455. In *People v. Jones*, 675 P.2d 9 (Colo.1984), and *People v. Collins*, 730 P.2d 293 (Colo.1986), we considered issues concerning § 18–1–704; moreover, in *Collins*, the trial court gave an "apparent necessity" instruction to the jury. However, in neither case did we address the issue of whether an "apparent necessity" instruction is always required.

**6.** In *Vigil*, this court approved a self-defense jury instruction that was based on the pre–1971 self-defense statute, and that did not contain an "apparent necessity" instruction, as *Young* required. *Vigil*, 143 Colo. at 334–35, 353 P.2d at 85–86. The court in *Vigil* stated that "[a]lthough it is not generally the province of this court to formulate instructions, it has been stated as a good rule to couch instructions in the language of the statute.... An instruction containing C.R.S. '53, 40–2–13–14–15, [sic] in their entirety would be considered proper...." *Id.* at 334, 353 P.2d at 85–86. Because the issue before the *Vigil* court did not concern whether an "apparent necessity" instruction should have been given to the jury, we view *Vigil* as standing only for the general proposition that jury instructions generally should be "couch[ed] ... in the language of the statute." *See, e.g., People v. Madril*, 746 P.2d 1329, 1335 (Colo.1987); *Salas v. People*, 181 Colo. 321, 325, 509 P.2d 586, 587 (1973).

dant threatened force upon another person:

    1. in order to defend himself from what he *reasonably believed* to be the use or imminent use of unlawful physical force by Mr. Cirillo; and

    2. he threatened to use a degree of force which he *reasonably believed* to be necessary for that purpose.[7]

(Emphasis supplied.) We do not construe section 18–1–704 as eliminating an individual's right to use self-defense based on "apparent necessity." The statute "reflects what has long been the settled law of this jurisdiction, namely, reasonable belief rather than absolute certainty is the touchstone of self-defense." *People v. Jones*, 675 P.2d 9, 13 (Colo.1984). The statute is thus free from the defects we identified in *Young*. *See Young*, 47 Colo. at 355–56, 107 P. at 275–76. Instruction No. 14 informed the jury that the defendant was entitled to defend himself if he "reasonably believed" that Cirillo used, or would imminently use, unlawful physical force against him.

In *Jones*, the defendant tendered a self-defense jury instruction almost identical to the self-defense instruction given to the jury in this case. The tendered instruction provided:

    It is an affirmative defense to the crime of Second Degree Assault that the defendant used the physical force upon another person:

    (1) In order to defend himself or a third person from what he reasonably believed to be the use or imminent use of unlawful physical force by [the victim] or his associates, and

    (2) He used a degree of force which he reasonably believed to be necessary for that purpose.

675 P.2d at 13. Although in *Jones* we did not specifically consider whether an "apparent necessity" instruction was required, we approved of the instruction while noting that the instruction was somewhat ambiguous as applied in that case. *See id.* at 14.

*People v. Tippett*, 733 P.2d 1183, 1195 (Colo.1987), is analogous to the case at bar. In *Tippett*, the defendant was charged, *inter alia*, with two counts of violation of custody. The violation-of-custody statute, § 18–1–304, 8B C.R.S. (1986), provided that an affirmative defense existed if the offender "reasonably believed that his conduct was necessary" to preserve the child's safety. The defendant argued that the trial court erred in refusing his tendered "apparent necessity" instruction. We rejected the defendant's argument, and held that the "defendant's theory of defense is adequately encompassed within the instructions given to the jury." 733 P.2d at 1195.

In this case, Instruction No. 14, tracking the text of the statute, properly informed the jury that it was to consider the defendant's "reasonable belie[f]" of use or imminent use of force. Instruction No. 14 thus encompassed the principle, and the defendant's defense, that " '[a]pparent necessity, if well grounded and of such a character as to appeal to a reasonable person, under like conditions and circumstances ... justifies the application of the doctrine of self-defense to the same extent as actual or real necessity,' " *Jones*, 675 P.2d at 14 (quoting *Young*, 47 Colo. at 355, 107 P. at 276). We conclude that Instruction No. 14 in this case adequately apprised the jury that it was required to consider "the totality of circumstances ... in evaluating the reasonableness of the accused's belief in the necessity of defensive action," *id.* at 14. Accordingly, the trial court properly declined to give the defendant's tendered jury instruction. *See, e.g., Stilwell v. People*, 70 Colo. 55, 56, 197 P. 239, 240 (1921); *Anaya v. People*, 732 P.2d 1241, 1243 (Colo.App. 1986), *rev'd on other grounds*, 764 P.2d 779 (1988); *People v. Young*, 710 P.2d 1140, 1144 (Colo.App.), *cert. denied* (1985).

Judgment affirmed.

KIRSHBAUM, J., dissents.

ERICKSON and QUINN, JJ., join in the dissent.

---

**7.** In 1983, we approved in principle the use of this self-defense jury instruction in criminal trials, but cautioned that this instruction could not be "specifically approve[d]" until it was tested in

adversary proceeding. *See* Supreme Court Committee on Criminal Jury Instructions, *Colorado Jury Instructions—Criminal*, at V & Instruction No. 7:16, at 97 (1983).

Justice KIRSHBAUM dissenting.

The majority concludes that the trial court did not err in refusing to instruct the jury that the defendant, Beckett, was entitled to act on "apparent necessity." I disagree. Because I also conclude that the Court of Appeals erred in concluding that Beckett was not entitled to a self-defense instruction with regard to the possession of a firearm charge, I would reverse the Court of Appeals decision.

## A

A defendant in a criminal prosecution is entitled to instructions accurately setting forth the theory of the case from the defendant's point of view when the evidence so warrants. *People v. Tippett*, 733 P.2d 1183 (Colo.1987); *Young v. People*, 47 Colo. 352, 107 P. 274 (1910). The recitation of facts contained in the majority opinion establishes that the evidence adduced at trial was sufficient to justify an instruction that Beckett was entitled to act on the apparent but mistaken belief that force was necessary to protect himself from death or serious bodily injury. Neither the majority nor the People suggest that Beckett's tendered apparent necessity instruction contained an erroneous statement of the law. Under these circumstances, Beckett's instruction should have been rejected only if some other instruction given by the trial court clearly and adequately communicated the defendant's position to the jury.[1] No such instruction was given at trial here.

The Court of Appeals concluded the trial court's self-defense instruction adequately informed the jury of the defendant's reliance on the concept of apparent necessity. The trial court's only instruction addressing that issue stated as follows:

## INSTRUCTION NO. 14

It is an affirmative defense to the crime of felony menacing that the defendant threatened force upon another person:

1. in order to defend himself from what he reasonably believed to be the use or imminent use of unlawful physical force by [the victim]; and

2. he threatened to use a degree of force which he reasonably believed to be necessary for that purpose.

This instruction basically recites section 18–1–704, 8B C.R.S. (1986), which defines self-defense as follows:

> **Use of physical force in defense of a person.** (1) Except as provided in subsections (2) and (3) of this section, a person is justified in using physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for that purpose.
>
> (2) Deadly physical force may be used only if a person reasonably believes a lesser degree of force is inadequate and:
>
> (a) The actor has reasonable ground to believe, and does believe, that he or another person is in imminent danger of being killed or of receiving great bodily injury....

This statutory language encompasses the concept of apparent necessity, as the majority recognizes. Maj. op. at 77–78. It by no means, however, abrogates a defendant's right in appropriate cases to have the jury expressly and particularly apprised of this concept, as the majority concludes.

The doctrine of apparent necessity has long been embedded in the constitutional, statutory and common-law jurisprudence of this state. *See People v. Jones*, 675 P.2d 9, 14 (Colo.1984). As early as 1861, a person's right to act upon appearances in certain circumstances was legislatively established in the territory of Colorado. § 30,

---

1. At one point the majority characterizes the defendant's position as asserting that an apparent necessity instruction is "required in self-defense cases." Maj. op. at 76. I do not read the defendant's argument to assert such an inflexible position. Rather, I read the defendant's argument at trial, before the Court of Appeals, and here to be simply that he was entitled to have the jury informed of the apparent necessity doctrine specifically and expressly, based on the evidence adduced at trial.

1861 Colo.Terr.Sess.Laws 294.[2] In *Young v. People*, 47 Colo. 352, 107 P. 274 (1910), this court reversed a second degree murder conviction because the trial court failed to fully and adequately instruct the jury on the defendant's apparent necessity theory of self-defense. In *Young*, the trial court, after reciting the then statutory definition of justifiable homicide, instructed the jury as follows:

A bare fear of any of [certain] offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable person, and that the party killing really acted under the influence of those fears, and not in a spirit of revenge.

The jury are further instructed that the right of self-defense is only given in emergencies[3] to enable persons who are attacked and to whom it may reasonably appear, that their lives or bodies are in danger of great bodily injury, to defend themselves; that this right is based upon what reasonable persons, having due regard for human life, would do under similar circumstances, and the actions of the defendant in this case must be measured by this rule. . . .

The jury are instructed that one who seeks and brings about a difficulty cannot shield himself under the plea of self-defense from the consequences of assaulting his adversary, however imminent the danger he brings upon himself. Self-defense is not available where defendant is not reasonably freed [sic] from fault, nor unless there is evidence tending to show that he either was or appeared to be menaced at the time by some overt act on the part of the assailant of a character to create reasonable apprehension of danger of his life or of great bodily harm.

*Young v. People*, 47 Colo. at 353–54, 107 P. at 275–76. In determining that these instructions were wholly inadequate in view of the disputed evidence adduced at trial, this court made the following telling observations:

The first instruction is the statutory definition of justifiable homicide, and the other two are mere negative instructions, given on behalf of the people, specifically pointing out certain conditions, circumstances and situations, under which the defendant may not avail himself of that defense. They do not purport to state the law of this subject *in extenso*, or with any degree of fullness. They were entirely proper for the purpose intended, but under the conflicting testimony, touching the facts immediately surrounding the homicide itself, the defendant had a constitutional right to have a lucid, accurate and comprehensive statement by the court to the jury of the law on the subject of self-defense from his standpoint, upon the supposition that the jury might believe, and accept as true, his testimony, and that of his witnesses, explanatory of the encounter which resulted in the death of [the victim].

It is fundamental that the law of self-defense, which is emphatically a law of necessity, involves the question of one's right to act upon appearances, even though such appearances may prove to have been deceptive; also the question of whether the danger is actual or only apparent, and as well the fact that actual danger is not necessary, in order to justify one in acting in self-defense. Apparent necessity, if well grounded and of such a character as to appeal to a reasonable person, under like conditions and circumstances, as being sufficient to require action, justifies the application of the doctrine of self-defense to the same extent as actual or real necessity. The

---

**2.** Section 30 states as follows:
   If any person kill another in self defense, it must appear that the danger was so urgent and pressing, that in order to save his own life, or to prevent his receiving great bodily harm, the killing of the other was absolutely necessary. . . .

§ 30, 1861 Colo.Terr.Sess.Laws 294.

**3.** The majority correctly notes that the limitation as to emergencies was disapproved in *Vigil v. People*, 143 Colo. 328, 333–34, 353 P.2d 82, 85 (1960).

court's instructions upon these vital and essential points of the law of self-defense are strikingly silent. When a person has reasonable grounds for believing, and does in fact actually believe, that danger of his being killed, or of receiving great bodily harm, is imminent, he may act on such appearances and defend himself, even to the extent of taking human life when necessary, although it may turn out that the appearances were false, or although he may have been mistaken as to the extent of the real or actual danger. It is for the jury to say, under all of the testimony and under proper instructions from the court upon the subject, whether appearances of danger were real or apparently real, so as to justify action in self-defense. A person charged with homicide and defending upon the ground of self-defense is entitled, upon request, to have the jury instructed, when there is conflicting testimony upon the subject, as to the law of self-defense, upon the evidence of apparent danger and apparent necessity to kill, as well as upon real danger and actual necessity, and in every aspect of the testimony.

*Young v. People,* 47 Colo. at 355–56, 107 P. at 275–76 (citations omitted).

This clear and eloquent description of the relationship between the constitutional right to trial by jury and a defendant's right to be certain that, in proper cases, the jury is instructed with regard to the doctrine of apparent necessity as well as on the reasonable person standard applicable to the defense of self-defense has consistently been approved and followed by this court and has never been altered by the General Assembly in its various redefinitions and recodifications of the right to self-defense. *People v. Jones,* 675 P.2d 9 (Colo.1984); *People v. Tapia,* 183 Colo. 141,

515 P.2d 453 (1973); *Maes v. People,* 166 Colo. 15, 441 P.2d 1 (1968); *People v. La Voie,* 155 Colo. 551, 395 P.2d 1001 (1964).[4] In *Young* itself we reversed the trial court's refusal to give an apparent necessity instruction. While noting that the trial court was not bound to give the precise instructions tendered by the defendant, we emphasized the trial court's own responsibility to instruct the jury "on the subject of self-defense from [the defendant's] standpoint" when put on notice that the evidence warranted such an instruction. *Young v. People,* 47 Colo. at 355, 107 P. at 275.

In *Jones,* we expressly noted with approval much of the above-quoted language from *Young* in holding that section 18–1–704(1), 8 C.R.S. (1978), "reflects what has long been the settled law of this jurisdiction, namely, reasonable belief rather than absolute certainty is the touchstone of self-defense." *People v. Jones,* 675 P.2d at 13. In that case this court reversed the defendant's second degree assault conviction because the trial court failed to instruct the jury that the defendant was entitled to act upon the basis of appearances. We also emphasized the trial court's responsibility to give such an instruction even if the defendant's tendered instructions were less than satisfactory.

The majority concludes that in adopting section 40–1–804 in 1971, the General Assembly somehow altered the settled jurisprudence of this state with respect to a defendant's right to have the jury instructed regarding the ability of a person to act in self-defense on the basis of apparent necessity in appropriate cases. Yet the majority correctly observes that that statute and its successor, section 18–1–704, do not eliminate "an individual's right to use self-defense based on 'apparent necessity.'"[5] Maj. op. at 78. I agree that the

---

4. The majority suggests in a footnote that portions of the Court of Appeals decisions of *People v. Duran,* 40 Colo.App. 302, 577 P.2d 307, *cert. denied* (1978), and *People v. Berry,* 703 P.2d 613 (Colo.App.), *cert. denied* (1985), should be overruled. Those cases, in my view, properly applied the law to the particular facts therein and need not be questioned.

5. The majority states that the version of the self-defense statute involved in this case is virtually identical with the 1971 statute. For purposes of this decision, I agree with that characterization. It must also be noted, however, that pertinent legislative definitions of "self-defense" adopted prior to 1971 by the General Assembly were also substantially similar to like provisions contained in the Criminal Code of 1971.

1971 codification rendered no change in the law of self-defense based upon apparent necessity as articulated in prior statutes and continuously recognized by decisions of this court to that point in time.

A person's right to act on "reasonable appearances" is a sufficiently specific example of the reasonable person concept embodied in the statutory definition of self-defense to require that, when the evidence so warrants, a defendant in a criminal case is entitled to have the jury instructed on that particular theory. As our case law has explained, it is far from clear that the reasonable person standard articulated by statutory definitions of self-defense clearly informs the jury that a person is entitled to act upon appearances even if the appearances are subsequently proven to be contrary to what the defendant reasonably believed.[6]

The defendant's tendered instruction here accurately stated the law of this jurisdiction, and the evidence supported that instruction. The trial court's instruction misled the jury and did not contain an adequate description of the defendant's theory of the case. Under these circumstances, the verdict must be set aside and the defendant must be granted a new trial.

### B

In a footnote the majority states that it need not reach a second error assigned by the defendant, namely, that the Court of Appeals erred in concluding that self-defense is not an affirmative defense to the offense of prohibited use of weapons as defined by section 18–12–106(1)(d), 8B

C.R.S. (1986). Maj. op. at 75. At oral argument the defendant did concede that if this court found the trial court's self-defense instruction to be adequate, any error in failing to instruct the jury on self-defense with regard to the possession of weapons count would be harmless. Because I find the trial court's self-defense instruction inadequate, I address the second issue.

Section 18–12–106 provides, in pertinent part: "(1) A person commits a class 2 misdemeanor if ... (d) [h]e has in his possession a firearm while he is under the influence of intoxicating liquor or of a controlled substance...." § 18–12–106(1)(d). The Court of Appeals held that "since it is the possession of the firearm while 'under the influence' that constitutes the crime, the use, if any, of the firearm cannot constitute a defense to the illegal possession." *People v. Beckett,* 782 P.2d 812, 813 (Colo. App.1989).

Our previous decisions have established that " 'possession,' as it is used in this statute, is the actual or physical control of the firearm." *People v. Garcia,* 197 Colo. 550, 554, 595 P.2d 228, 231 (1979); *accord People v. Martinez,* 780 P.2d 560 (Colo. 1989) (construing § 18–12–108, the possession of a weapon by a felon statute); *People v. Rivera,* 765 P.2d 624 (Colo.App.1988), *rev'd on other grounds,* 792 P.2d 786 (Colo.1990). The determination of whether a firearm is within one's actual or physical control is a question of fact for the jury. *People v. Rivera,* 765 P.2d 624 at 628. Under this definition of possession, the jury could have found that Beckett did not

---

As all of these provisions have incorporated the objective test of reasonableness as the touchstone for permissible acts of self-defense, we have consistently recognized that the ultimate test of self-defense is the objective test of what a reasonable person under like circumstances would do at a particular moment. What the majority fails to account for is the continuing viability of the fact that in appropriate cases a jury must be informed that among the circumstances a reasonable person may take into account is the appearance of danger, even if it subsequently develops that the appearance was merely an illusion.

**6.** While of no binding authority on this court, it is interesting to note that a comment to

§ 40–1–804 of the 1971 Colorado Criminal Code as it was first published contained the following language:

This section, in part, is taken from Michigan proposal § 615. Subsection (2) omits the doctrine of "retreat to the wall" which has never been the law in Colorado since *Young v. People,* 47 Colo. 352 [107 P. 274]. It gives statutory recognition to the Colorado rule announced in *People v. La Voie,* 155 Colo. 551 [395 P.2d 1001].

*People v. La Voie* expressly adopted the apparent necessity formulation described in *Young v. People.*

violate the statute until he took control of the weapon and Beckett introduced evidence to support his contention that he took control of the weapon only when he reasonably believed it was necessary to do so for purposes of self-defense.

Beckett contends that denial of the defense of self-defense to a charge of prohibited use of weapons would constitute a violation of the guarantee of the right to bear arms contained in the Colorado and United States Constitutions. *U.S. Const. amend. II; Colo. Const.* art. II, § 13. We have recognized that the right to bear arms is not absolute, and can be restricted by the state in the exercise of its police power. *Garcia,* 197 Colo. at 552, 595 P.2d at 230. However, we have also recognized that the state "cannot, in the name of the police power, enact laws which render nugatory our Bill of Rights and other constitutional protections." *People v. Blue,* 190 Colo. 95, 103, 544 P.2d 385, 391 (1975). In *Blue,* we examined the viability of the defense of self-defense to the charge of possession of a weapon by a felon under the predecessor of section 18–12–108, 8B C.R.S. (1986). Under that statute, as under the statute here at issue, the gravamen of the offense is the possession of a firearm while under a legal disability.

In *Blue,* we held that, in view of the constitutional right to bear arms, § 18–12–106 "does not abrogate an ex-felon's right to legitimately use self-defense." *Id.,* at 103, 544 P.2d at 391. In *People v. Ford,* 193 Colo. 459, 568 P.2d 26 (1977), we again emphasized that statutes enacted pursuant to the police power of the state may not restrict or regulate the right to possess arms where the purpose of such possession is a constitutionally protected one. *Id.,* at 462, 568 P.2d at 28. We held

in that case that a defendant charged with possession of a weapon by a previous offender "who presents competent evidence showing that his purpose in poss[e]ssing weapons was the defense of his home, person, and property thereby raises an affirmative defense." *Id.* I find no constitutionally meaningful distinction between the power of the state to regulate the possession of a weapon by a felon and the power of the state to regulate the possession of a weapon by one who is intoxicated.

The state argues that self-defense cannot be a defense to possession of a weapon by one who is intoxicated because intoxication negates the reasonableness requirement of the use of self-defense. However, an intoxicated person may act reasonably in self-defense under particular circumstances. It is the role of the jury to determine the extent and effect of a defendant's intoxication and whether a particular defendant's actions satisfied the objective reasonable person test of the self-defense statute.

For the foregoing reasons, I conclude that the defense of self-defense is available to a person charged with possession of a weapon by a person who is intoxicated and that the contrary decision of the Court of Appeals must be reversed.

I am authorized to state that ERICKSON and QUINN, JJ., join in this dissent.