2012 COA 16

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Austin CHIRICO, Defendant–Appellant.**

**No. 10CA1240.**

Colorado Court of Appeals, Div. A.

Feb. 2, 2012.

---

John W. Suthers, Attorney General, Alice Q. Hosley, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Steven Louth, Boulder, Colorado, for Defendant–Appellant.

Opinion by Chief Judge DAVIDSON.

¶ 1 Defendant, Austin Chirico, appeals from the judgment entered on a jury verdict finding him guilty of third degree assault. The issues reviewed concern the right to self-defense against an attempted citizen's arrest. We reverse and remand for a new trial.

## I. Background

¶ 2 The victim, with about thirty others, had been socializing and drinking alcohol one night at a friend's home near the CU–Boulder campus. Later, from inside the house, the victim heard a loud "breaking" and "crunching" sound. He looked out a window, saw that a fence in front of the house was broken, and also saw a person standing very near the fence.

¶ 3 The victim testified that he was somewhat intoxicated and "pretty upset," and that he left the house and confronted defendant— whom he believed to be the person he had seen near the fence. Three other young men were with defendant. The victim accused the men of breaking the fence and demanded that they repair or pay for it. He called them "babies" and "fucking pussies," and threatened to "kill all of [them]" and "kick all their asses."

¶ 4 When defendant attempted to walk away, the victim testified, he "got in [defendant's] face," and, while "smack-talking," grabbed defendant's shirt collar and shoved him. The two traded punches and wrestled on the ground until defendant captured the victim in a headlock. The victim sustained one or more blows to his face, which frac-

tured his cheekbone, and defendant was charged with second degree assault.

¶ 5 At trial, defendant requested a self-defense instruction. His theory was that he had been grabbed and shoved by the victim, and fought back to protect himself against the unlawful use of physical force. The court gave defendant's requested instruction and also instructed the jury about a private person's right to use reasonable force to effect a citizen's arrest. At the prosecutor's request, the court also gave the instruction at issue in this case, which stated:

> Because every person is presumed to know the law, it is presumed that the defendant knew the person could employ lawful force against him if the defendant committed a crime in the person's presence.

¶ 6 The jury convicted defendant of the lesser included offense of third degree assault. On appeal, defendant contends that, under the particular circumstances of this case, giving the above-quoted instruction (the presumption instruction) constituted reversible error. We agree.

## II. Standard of Review

¶ 7 Whether to issue a particular jury instruction is within the trial court's discretion. *People v. Walden,* 224 P.3d 369, 378 (Colo.App.2009). A trial court abuses its discretion when, inter alia, its ruling is based on an erroneous application of the law. *See, e.g., People v. Segovia,* 196 P.3d 1126, 1129 (Colo.2008). Because defendant objected contemporaneously to the instruction at issue here, reversal is required unless the error was harmless, that is, it did not affect defendant's substantial rights. *See People v. Garcia,* 28 P.3d 340, 344 (Colo.2001); *People v. Munoz,* 240 P.3d 311, 319 (Colo.App.2009).

## III. Self–Defense and Citizen's Arrest

¶ 8 A private citizen may arrest another when the arrested person commits or has committed a crime in the presence of the person making the arrest. § 16–3–201, C.R.S. 2011. Just as a peace officer attempting or making an arrest "is justified in using reasonable and appropriate physical force," § 18–1–707(1)(a), C.R.S.2011; *see People v. Fuller,* 781 P.2d 647, 650 (Colo.1989), a private citizen may use "reasonable and appropriate physical force upon another ... when and to the extent he reasonably believes it necessary to effect an arrest," § 18–1–707(7), C.R.S.2011.

¶ 9 However, self-defense is permissible whenever a person reasonably believes him or herself to be facing the use or imminent use of unlawful physical force. *See* § 18–1–704(1), C.R.S.2011; *Beckett v. People,* 800 P.2d 74, 75–76 (Colo.1990); *Fuller,* 781 P.2d at 649; *People v. Vasquez,* 148 P.3d 326, 328 (Colo.App.2006); W. LaFave & A. Scott, Criminal Law § 5.7, at 456–57 (1986). Therefore, the right to self-defense necessarily applies in circumstances, such as those alleged here, in which a person reasonably believes that force used or threatened by a private citizen is not in furtherance of effecting what the private citizen may claim to be a lawful citizen's arrest. *See People v. Rodriguez,* 888 P.2d 278, 286 (Colo.App.1994) ("The touchstone of self-defense is whether, from the standpoint of the defendant, his belief that danger was imminent is reasonable."); *see also Sanchez v. People,* 820 P.2d 1103, 1108 (Colo.1991).

## IV. Instructions

¶ 10 It is undisputed that the trial court's basic instructions regarding defendant's right to self-defense and the law of citizen's arrest were correct. Under those two instructions, the jury was charged with deciding, even if the victim had intended to effect a citizen's arrest, whether it was reasonable for defendant to have believed that he was being unlawfully assaulted.

¶ 11 In evaluating the reasonableness of the defendant's belief in the need to take defensive action, however, a jury must consider the totality of the circumstances, including the perceptions of the defendant. *Kaufman v. People,* 202 P.3d 542, 551 (Colo. 2009); *accord Beckett,* 800 P.2d at 77–78.

¶ 12 Thus, although the presumption instruction, in general, did not misstate the law, we conclude that it was error to give it to the jury *in this case.* In requesting it, the prosecutor argued that it would help the jury

to deliberate on "how [defendant] kn[e]w that [the victim] had the right to detain him." Yet, it is likely that the presumption instruction misled the jury on precisely this matter.

¶ 13 At trial, a disputed question of fact for the jury to decide was whether, given the victim's language and demeanor when he approached defendant, a reasonable person in defendant's position would have understood the victim to be attempting a citizen's arrest, as opposed to unlawfully assaulting him in retaliation for the damage to the fence. In that particular context, however, the presumption instruction could have been understood to state that whether defendant knew the victim's use of force was lawful was predicated, not on defendant's reasonable perception of the victim's actions, but on whether defendant had intentionally damaged the fence.

¶ 14 Thus, in this case, the presumption instruction may have misled the jury to ignore the totality of the circumstances of the encounter, and instead to assume that, if defendant had broken the law, then a reasonable person in his position would recognize the force used by the victim as lawful, that is, in furtherance of a citizen's arrest. Conversely, it may have precluded the jury from considering whether, under the circumstances as a whole, it was reasonable for defendant to believe that the victim's use of force was not in furtherance of an arrest, but was simply an unlawful assault.

¶ 15 The presumption instruction's source may have been the cause of this confusion. It was drawn from *People v. Hayward*, 55 P.3d 803, 806 (Colo.App.2002), a case considering the "make my day" statute, which operates as an exception to the general law of self-defense:

> *Notwithstanding the provisions of section 18–1–704*, any occupant of a dwelling is justified in using any degree of physical force, including deadly physical force, against another person when that other person has made an unlawful entry into the dwelling, and [when other circumstances are met].

§ 18–1–704.5(2), C.R.S.2011. In that case, a division of this court considered whether a defendant charged with trespass of a dwelling was legally entitled to use force in self-defense, and reasoned that "[b]ecause every person is generally presumed to know the law, it is presumed that [the] defendant knew the victim could employ lawful force against him if he unlawfully entered her dwelling." 55 P.3d at 806 (citation omitted).

¶ 16 The situation here, however, is governed by section 18–1–704, not section 18–1–704.5(2). And, unlike under section 18–1–704.5(2), where any force used by a dwelling's occupant against a trespasser is lawful, and thus self-defense is never justified, under section 18–1–704, the relevant inquiry remains the person's reasonable belief, under the totality of the circumstances, that he or she is faced with *unlawful* force, such as a retaliatory assault.

## V. Prejudicial Error

¶ 17 Accordingly, we conclude that, in this case, the trial court erred in giving the presumption instruction. Furthermore, based on our review of the record, we conclude that the error was not harmless. *See People v. Rivera*, 56 P.3d 1155, 1169 (Colo. App.2002) (error is harmless if it can be said with fair assurance that the error did not substantially influence the case's outcome or impair the trial's basic fairness) (citing *Salcedo v. People*, 999 P.2d 833, 841 (Colo.2000)).

¶ 18 Because, as discussed, the presumption instruction could have been understood to restrict the jury's consideration of the totality of the circumstances, we have little confidence that the jury evaluated defendant's claim of self-defense under the proper standard. *See Kaufman*, 202 P.3d at 551 (a defendant's commission of a crime, i.e., his knowledge of his own culpability, is only one of many relevant factors in determining the reasonableness of a defendant's belief); *People v. Willner*, 879 P.2d 19, 22 (Colo.1994) (self-defense under section 18–1–704(1) takes into account the defendant's reasonable and actual belief); *Vasquez*, 148 P.3d at 330 ("In restricting the jury's consideration to only the most stringent conditions under which a claim of self-defense could be established, the trial court committed prejudicial error.").

¶ 19 Furthermore, the other instructions did not cure this error. *See Lascano v. Vowell,* 940 P.2d 977, 981 (Colo.App.1996) ("[U]nless cured by the instructions as a whole, it is reversible error for a trial court to give an erroneous instruction.").

¶ 20 In addition, the record shows that, given the evidence of the manner and circumstances under which the victim approached, then grabbed and shoved defendant—namely, late at night, intoxicated, "smack-talking," and using threatening language—and the absence of evidence that the victim had signaled his intent to effect an arrest or that defendant had any idea who the victim was, the jury, if properly instructed, could have concluded that defendant, even if responsible for damaging the fence, reasonably would have believed the victim to be unlawfully assaulting him in retaliation, and not lawfully attempting to arrest him.

¶ 21 Indeed, the jury's concern as to the significance of defendant's perception of events was reflected in its question, asked during deliberations, whether the victim had been obligated to "identify himself or the action of citizen[']s arrest." Because the court responded simply by directing the jury back to the instructions it had already been given, it is reasonable to infer that the presumption instruction affected its verdict.

¶ 22 The judgment is reversed and the case is remanded for a new trial.

NEY * and ROTHENBERG *, JJ., concur.